FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 23 2012 ★

BROOKLYN OFFICE

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KARISSA REID,

                  Plaintiff,

-against-

INGERMAN SMITH LLP, and
MARY ANNE SADOWSKI, *Individually*,

                  Defendants.
-----------------------------------------------------------------X

Case No.

**12-0307**

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

GLASSER, J.

GO, M.J.

    Plaintiff, KARISSA REID, by her attorneys, PHILLIPS & PHILLIPS, ATTORNEYS AT LAW, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated New York State Executive Law §296 et. seq. ("NYSEL"), seeking to recover lost wages, emotional distress, punitive damages, reasonable attorney's fees and costs as a result of sexual harassment and discrimination, and for being harassed and penalized financially for not consenting to gender-based harassment and discrimination. Specifically, Plaintiff's employer INGERMAN SMITH LLP and its supervisor MARY ANNE SADOWSKI **sexually harassed and discriminated against the Plaintiff because of her gender (female) when Defendant MARY ANNE SADOWSKI sexually assaulted the Plaintiff and then retaliate against her by terminating her employment.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is

   complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside within the Eastern District of New York, and the acts complained of occurred therein.

## PARTIES

4. Plaintiff KARISSA REID ("REID") is a resident of the State of South Carolina, County of Lancaster.

5. At all times material, Defendant INGERMAN SMITH LLP ("INGERMAN SMITH"), headquartered at 150 Motor Parkway, Suite 400, Hauppauge NY 11788, is a domestic registered limited liability partnership duly existing pursuant to, and by virtue of, the laws of the State of New York.

6. Upon information and belief, at all times material, Defendant MARY ANNE SADOWSKI ("SADOWSKI") was and is a resident of the State of New York, County of Suffolk.

7. At all times material, Defendant SADOWSKI was and is an attorney at the law firm known as "INGERMAN SMITH," located at 150 Motor Parkway, Suite 400, Hauppauge NY 11788.

8. At all times material, Plaintiff REID was an employee of Defendant INGERMAN SMITH.

9. At all times material, Defendant SADOWSKI was Plaintiff REID's supervisor and/or had supervisory authority over Plaintiff REID.

10. At all times material, Defendant INGERMAN SMITH LLP and Defendant SADOWSKI

are collectively referred to herein as "Defendants."

## MATERIAL FACTS

11. During or around February 2008, Plaintiff REID began her employment with Defendants as a Legal Secretary, earning approximately $42,500 per year plus paid benefits.

12. Upon information and belief, Plaintiff REID's work performance was above average, as evidenced by her being assigned to a greater number of attorneys and provided with more responsibility than other legal secretaries at the firm typically received.

13. During or around the summer of 2008, Plaintiff REID began working for Defendant SADOWSKI.

14. Defendant SADOWSKI frequently commented on Plaintiff REID's style of dress and how she looked. For instance, she often stated that Plaintiff REID looked as if she had stepped out of the pages of a fashion magazine.

15. During or around the end of February or beginning of March 2009, Plaintiff REID was in Defendant SADOWSKI's office waiting to receive paperwork and assignments from Defendant SADOWSKI. **Defendant SADOWSKI was standing in front of Plaintiff REID when she suddenly looked at Plaintiff REID's breasts, exclaimed "those things are HUGE," and then grabbed and squeezed Plaintiff REID's right breast.**

16. Defendant SADOWSKI's face turned red and she then dismissed Plaintiff REID from her office.

17. Plaintiff REID returned to her desk in a state of shock and disbelief at the extreme and outrageous sexual assault perpetrated upon her by Defendant SADOWSKI.

18. Plaintiff REID was humiliated and horrified, as she knew she had done nothing to solicit

or warrant this illegal and unprovoked sexual assault by her supervisor.

19. Immediately thereafter, Defendant SADOWSKI began to act in an extremely strange manner, which made the office an increasingly uncomfortable environment in which to work. For instance, she spent a great deal more time alone in her office than normal, changed Plaintiff REID's entire schedule of duties, and withheld work from Plaintiff REID.

20. For instance, without explanation, Defendant SADOWSKI informed Plaintiff REID that she should discontinue planning the company summer picnic and assigned that responsibility to someone else.

21. Plaintiff REID was afraid to complain to her supervisor Defendant SADOWSKI, as she knew it would be futile to complain to Defendant SADOWSKI about her own illegal behavior and in addition was fearful of losing her job.

22. Plaintiff REID was also afraid to complain to her other supervisor, Attorney Susan M. Gibson ("Gibson"), as she knew Gibson was a close friend and confidant of Defendant SADOWSKI.

23. On or around April 20, 2009, Plaintiff REID was called into Gibson's office. Gibson told Plaintiff REID she had "sent the wrong letter to a school district," which could cause major issues for the law firm. Plaintiff REID asked for further details concerning her "mistake" and indicated she specifically remembered sending the correct letter.

24. Rather than providing Plaintiff REID an opportunity to speak, Gibson abruptly cut Plaintiff REID off, telling her she would confer with Defendant SADOWSKI about the consequences to Plaintiff REID for her alleged mistake. Gibson then abruptly dismissed Plaintiff REID from her office.

25. At the end of the work day, Plaintiff REID was called into Defendant SADOWSKI's office, where the office manager and a lead secretary were already seated. Defendant SADOWSKI spoke in a rambling manner about Plaintiff REID's alleged mistake, stating that it was unacceptable. Without giving Plaintiff REID a chance to explain or defend herself, Defendant SADOWSKI summarily terminated Plaintiff REID.

26. Defendant SADOWSKI then stated, **"YOU ARE A SMART GIRL. YOU HAVE A LAWSUIT.** You are not entitled to unemployment, but we will not fight it."

27. Plaintiff REID experienced anguish and embarrassment at the sudden loss of her job, and her life was turned upside, especially as she knew she had done nothing wrong, but had in fact been subjected to an illegal and unprovoked sexual assault and termination.

28. Since this incident, Plaintiff REID has relocated to South Carolina and, traumatized by her experience, has struggled with the idea of working again in an office setting.

29. Plaintiff REID daily prays that she will be able to obtain a non-office position, as she is continually haunted by the memories of and scars from the illegal and unjust harassment and discrimination she suffered.

30. Plaintiff REID decided to come forward so that Defendants would not harm others with illegal and degrading sexual harassment and discrimination.

31. The above are just some of the acts of harassment and discrimination that Plaintiff REID experienced while working for Defendants.

32. **It is clear that Defendants sexually harassed Plaintiff REID and discriminated against Plaintiff REID solely on the basis of her gender (female) and retaliate against her for opposing to a discriminatory act.**

33. Plaintiff REID was exposed to a sexually offensive and hostile work environment.

34. Plaintiff REID felt offended, disturbed, and humiliated by this sexual harassment and hostile work environment.

35. Plaintiff REID has been unlawfully discriminated against, retaliated against, humiliated, has been degraded, and as a result, suffers loss of rights, emotional distress, and loss of income and earnings.

36. Plaintiff REID was **treated differently (sexually harassed)** by Defendant SADOWSKI **because of her gender (female)**.

37. **Defendants' actions and conduct were intentional and intended to harm Plaintiff REID**.

38. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff REID, she feels extremely humiliated, degraded, victimized, embarrassed, and emotionally and physically distressed.

39. As a result of the Defendants' discriminatory treatment of Plaintiff REID, she has suffered severe emotional distress and physical ailments.

40. As a result of the acts and conduct complained of herein, Plaintiff REID has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

41. As a result of the above, Plaintiff REID has been damaged in an amount in excess of the jurisdiction of the Court.

42. Defendants' conduct has been malicious, willful, outrageous, and conducted with full

knowledge of the law. As such, Plaintiff REID demands Punitive Damages as against both Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

43. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. Defendants violated the section cited herein as set forth.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

48. Defendants violated the section cited herein as set forth.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

51. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## INJURY AND DAMAGES

52. As a result of the acts and conduct complained of herein, Plaintiff REID has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

53. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by

<u>New York State Executive Law §296</u> et. seq. ("NYSEL"), by discriminating against Plaintiff on the basis of her gender and unlawfully harassing her and terminating her employment.

B. Awarding damages to the Plaintiff, retroactive to the first day of her employment with Defendants, to make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       1/18/12_____, 2012

                                 **PHILLIPS & PHILLIPS,**
                                 **ATTORNEYS AT LAW, PLLC**

                                 */s/ William K. Phillips*
                                 William K. Phillips, Esq. (wp0409)
                                 30 Broad Street, 35th Floor
                                 New York, NY 10004
                                 (212) 248-7431
                                 tpglaws@yahoo.com