```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
KARISSA REID,
                                Plaintiff,

        - against -
                                              ORDER
INGERMAN SMITH LLP, et al.,
                                              CV 2012-0307 (ILG)(MDG)
                                Defendants.
- - - - - - - - - - - - - - - - - - -X
```

GO, United States Magistrate Judge:

Plaintiff Karissa Reid brings this action against defendants Ingerman Smith, LLP and Mary Anne Sadowski alleging damages for pecuniary, physical and emotional damages arising from alleged sexual harassment of plaintiff by defendant Mary Anne Sadowski. After defendants moved to compel (ct. doc. 25), the parties conferred as orderd and resolved all but one dispute: defendants' requests for information and documents relating to plaintiff's social media accounts. At a telephone conference with the parties on November 29, 2012, I granted in part and denied in part defendants' motion. This Order explains in greater detail the rulings.

## DISCUSSION

Although the law regarding the scope of discovery of electronically stored information ("ESI") is still unsettled, there is no dispute that social media information may be a source of relevant information that is discoverable. Courts have found, particularly in cases involving claims of personal injuries, that social media information may reflect a "plaintiff's emotional or

mental state, her physical condition, activity level, employment, this litigation, and the injuries and damages claimed." See, e.g., Sourdiff v. Texas Roadhouse Holdings, LLC, 2011 WL 7560647, at *1 (N.D.N.Y. 2011). For example, where a plaintiff puts her emotional well-being at issue when asserting claims of sexual harassment or discrimination as in this action, some courts have found that "Facebook usage depicts a snapshot of the user's relationships and state of mind at the time of the content's posting." Bass v. Miss Porter's School, 2009 WL 3724968, at *1 (D. Conn. 2009); see also Glazer v. Fireman's Fund Ins. Co., 2012 WL 1197167, at *1, *3 (S.D.N.Y. 2012) (in employment discrimination case, plaintiff's chats with online psychic revealed her "work performance, relationships with co-workers, views regarding her treatment . . . emotional state before, during, and after her employment, efforts to mitigate damages").

On the other hand, as other courts have observed, the "relevance of the content of Plaintiff's Facebook usage . . . is more in the eye of the beholder than subject to strict legal demarcations." Bass 2009 WL 3724968, at *1. Whether electronically stored and dissimated on the Internet or not, "anything that a person says or does might in some theoretical sense be reflective of her emotional state." Rozell v. Ross-Holst, 2006 WL 163143, at *3 (S.D.N.Y. 2006).

The defendants argue that since postings and photographs from the public portions of plaintiff's Facebook account contain information that contradict plaintiff's claims of mental anguish

-2-

resulting from the alleged sexual harassment by defendant Sadowski and termination of her employment, the non-public portions may also provide relevant information.  Plaintiff responds that she should not be subject to broad discovery of the entirety of her social media account and be required to disclose private information.

After examining the submissions, this Court finds that the photographs and comments that plaintiff posted on her publically available Facebook pages provide probative evidence of her mental and emotional state, as well as reveal the extent of activities in which she engages.  I also find that plaintiff's private postings may likewise contain relevant information that may similarly be reflective of her emotional state.  See Glazer, 2012 WL 1197167, at *3 (unrestricted production ordered after Court reviewed excerpts of electronic communications and concluded that "most, if not all, of them contain information that is relevant"); Bass, 2009 WL 3724968, at *1 (production of all Facebook materials ordered following in camera inspection "a number of [withheld] communications . . . that are clearly relevant to this action").

While plaintiff is correct that disclosure of her personal social media account may raise privacy concerns, such a consideration is more "germane to the question of whether requested discovery is burdensome or oppressive and whether it has been sought for a proper purpose" rather than to affording a "basis for shielding those communications from discovery."  E.E.O.C. v. Simply Storage Mgmt., 270 F.R.D. 430, 434 (S.D. Ind. 2010).  Even personal diaries "are

discoverable if they contain relevant information regarding contemporaneous mental states and impressions of parties." Zakrzewska v. New School, 2008 WL 126594, at *2 (S.D.N.Y. 2008) (granting discovery of plaintiff's diary because "it would be unfair . . . to permit a plaintiff claiming emotional distress to block discovery of facts that may shed important light on whether any emotional distress actually was suffered"); Rexford v. Olczak, 176 F.R.D. 90, 93 (W.D.N.Y. 1997) (defendants entitled to obtain plaintiff's diary where her "contemporaneous account of meetings, conversations and other events central to the issues of this case provide relevant evidence that may be useful").

Even had plaintiff used privacy settings that allowed only her "friends" on Facebook to see postings, she "had no justifiable expectation that h[er] 'friends' would keep h[er] profile private . . ." U.S. v. Meregildo, 2012 WL 3264501, at *2 (S.D.N.Y. 2012). In fact, "the wider h[er] circle of 'friends,' the more likely [her] posts would be viewed by someone [s]he never expected to see them." Id. Thus, as the Second Circuit has recognized, legitimate expectations of privacy may be lower in e-mails or other Internet transmissions. U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004) (contrasting privacy expectation of e-mail with greater expectation of privacy of materials located on a person's computer).

Nonetheless, this Court declines to require full disclosure of all materials contained in plaintiff's social media accounts because not all postings will be relevant to her claims. See, e.g., Rozell ,

-4-

2006 WL 163143, at *3 (not requiring "the production of every thought [plaintiff] may have reduced to writing" and limiting production to all e-mails potentially related to the plaintiff's sexual harassment claims). For example, defendants attached several pages of postings by non-parties on plaintiff's Facebook wall congratulating plaintiff on her birthday[1] and Mother's Day. Defs.' Mot. for Discovery (ct. doc. 25), 10-14. These non-party communications do not reveal anything about plaintiff's emotional or physical state. Other posts of events concerning others may also have little to do with plaintiff other than to reveal that others may have a social relationship with her.

However, statements regarding plaintiff's social activities may be relevant to plaintiff's claims of emotional distress and loss of enjoyment of life. The postings may also provide information regarding potential witnesses with knowledge. Thus, plaintiff must disclose social media communications and photographs "that reveal, refer, or relate to any emotion, feeling, or mental state . . . [and] that reveal, refer, or relate to events that could reasonably expected to produce a significant emotion, feeling or mental state." Simply Storage, 270 F.R.D at 435-36; see also In re Air Crash, 2011 WL 6270189, at *6 (W.D.N.Y. 2011) (ordering disclosure of electronic communications, including social media materials, as they relate to

---

[1] Because the postings attached to defendants' motion reveal plaintiff's birth date, defendants' motion will be sealed. Defendants must provide this Court with a copy of the motion submission in electronic format with redactions made in accordance with Fed. R. Civ. P. 5.2.

decedent's domicile and claimants' loss of support claims). Likewise, photographs uploaded by plaintiff, as well as photographs uploaded by third parties depicting plaintiff are discoverable, while other photographs that have a more tenuous connection with the party are less likely to be relevant. Clearly, "pictures of the claimant . . . will generally be discoverable because the context of the picture and the claimant's appearance may reveal the claimant's emotional or mental status" while "a picture posted on a third party's profile in which a claimant is merely 'tagged' is less likely to be relevant." Simply Storage, 270 F.R.D. at 436.

## CONCLUSION

For the foregoing reasons and as discussed on the record, defendants' motion to compel information relating to plaintiff's use of social media is granted in part and denied in part as follows:

1. Plaintiff must respond to Interrogatories 14 and 15 by identifying every social media account held by plaintiff or to which she has had access since January 2008.

2. Plaintiff must produce for her counsel all social media posts, communications and photographs made since January 2008. Counsel must review the records and produce information to defendants that is relevant as outlined in this Order to respond to Interrogatory 16 and Document Request 5, subject to the following guidelines:

    a. Plaintiff is not required to produce to defendants any posts, communications or photographs that occurred or that relate to events that occurred before January 2008.

    b. Photographs posted by third parties of plaintiff or in which plaintiff is "tagged" must be produced to the extent that they depict plaintiff or her activities since January 2008.

    c. Posts and communications of third parties and plaintiff's responses are relevant to the extent that they contain third parties' observations of plaintiff.

    d. Photographs posted by plaintiff are relevant insofar as they relate to plaintiff herself or her activities, including social activities with third parties.

7. The parties are encouraged to confer on a proposed protective order to govern the dissemination of sensitive personal information.

8. If she has not yet done so, plaintiff must produce the above ordered discovery by no later than January 4, 2013.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           December 27, 2012

                                      /s/_____
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE